**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PETTER MOORE TRUCKING COMPANY and ALEIDA TAVARES, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMAZON, INC., <br><br> *Defendant*. | Civil Action No.: _____ |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Amazon Logistics, Inc. ("Amazon") (incorrectly identified as "Amazon, Inc.")[1] hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Bristol County, to the United States District Court for the District of Massachusetts.  In support of its Notice of Removal, Defendants state as follows:

## I.    <u>RELEVANT BACKGROUND</u>

1.    Plaintiffs Petter Moore Trucking Company ("PMT") and Aleida Tavares ("Tavares") (together, "Plaintiffs") filed this action against Amazon in the Superior Court of the Commonwealth of Massachusetts, Bristol County, on February 15, 2023.  *See* Exhibit A.

2.    On March 24, 2023, Plaintiffs served Amazon.  *See* Exhibit B at 2.

3.    Fewer than thirty days have elapsed since this action became removable to this Court.

---

[1] "Amazon, Inc." does not exist.  Amazon Logistics, Inc. is the proper defendant because this lawsuit arises out of Plaintiffs' contractual relationship with Amazon Logistics, Inc. through the Amazon Relay program.  *See* Exhibit A at ¶ 8.  Further, to the extent Plaintiffs intended to name "Amazon.com, Inc." as the defendant, there is still complete diversity (as explained below) because that entity is incorporated in Delaware with a principal place of business in Washington, and both Plaintiffs allege to be citizens of the Commonwealth of Massachusetts.  *Id.* at ¶¶ 1-2.

4.      In the Complaint, PMT alleges claims against Amazon for retaliation under Massachusetts General Laws ch. 151B, § 4(4A), aiding and abetting under Massachusetts General Laws ch. 151B, § 4(5), and "tortious interference."  *See* Exhibit A at 5–7.  Tavares alleges a claim against Amazon for "tortious interference."  *See id.* at 7.  Plaintiffs seek alleged damages, including lost pay, out-of-pocket expenses, and other monetary losses, and costs and attorney's fees.  *See id.*

## II.      REMOVAL STANDARDS

5.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  This action is removable to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship), and because this Court encompasses the district and division where the action currently is pending.

## III.     DIVERSITY JURISDICTION

6.      Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."  In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Complete Diversity of Citizenship Exists

7.      Upon information and belief, Plaintiff PMT is a citizen of the Commonwealth of Massachusetts.  *See* Exhibit A at ¶ 1.

2

8. Upon information and belief, Plaintiff Tavares is a citizen of the Commonwealth of Massachusetts. *See id.* at ¶ 2.

9. Defendant Amazon Logistics, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business and corporate headquarters in Seattle, Washington. Amazon Logistics, Inc. is not a citizen of the Commonwealth of Massachusetts.

10. As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

**B.    The Amount in Controversy Requirement is Satisfied**

11. Plaintiffs allege damages in the amount of $200,000. *See* Exhibit C.

12. Accordingly, although Amazon expressly denies any liability to Plaintiffs, this action meets the jurisdictional amount in controversy amount required for removal based on diversity of citizenship under 28 U.S.C. § 1332(a).

**V.    VENUE**

13. Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in Bristol County, where this action was filed and has been pending prior to removal, lies within this federal district and division.

14. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

**VI.    ADDITIONAL REQUIREMENTS FOR REMOVAL**

15. As set forth above, this Notice of Removal is filed within thirty days of Amazon's receipt of service of the Complaint. *See* 28 U.S.C. § 1446(b).

16.     Amazon will promptly file a notice of filing this Notice of Removal with the Superior Court in accordance with 28 U.S.C. § 1446(d).  A copy of that notice is attached hereto as Exhibit D.

17.     Amazon has provided Plaintiff with written notice of this filing in accordance with 28 U.S.C. § 1446(d).

18.     Amazon has sought no similar relief in this action.

19.     By filing a Notice of Removal in this matter, Amazon does not waive its right to assert any and all defenses and/or objections in this case.

WHEREFORE, Defendants hereby remove this case from the Superior Court of the Commonwealth of Massachusetts, Bristol County, to this Court, and this Court now has jurisdiction over further proceedings.

Respectfully submitted,

**AMAZON LOGISTICS, INC.**

By its attorneys,

*/s/ Douglas T. Schwarz*
Douglas T. Schwarz, BBO# 548558
Joshua M. Adler, BBO# 706905
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110
Tel. (617) 341-7700
douglas.schwarz@morganlewis.com
joshua.adler@morganlewis.com

Dated:  April 21, 2023

4

**CERTIFICATE OF SERVICE**

I, Joshua M. Adler, hereby certify that on April 21, 2023 the foregoing document was filed through the ECF system.  A copy will be served by e-mail to:

Elijah Bresley
slnlaw LLC
46 South Main Street
Sharon MA, 02067
Tel. (781) 327-1917
ebresley@slnlaw.com

*Attorney for Plaintiffs*

*/s/ Joshua M. Adler*
Joshua M. Adler

5